[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DATE OF SENTENCE APRIL 11, 1996 DATE OF APPLICATION: APRIL 11, 1996 DATE APPLICATION FILED: APRIL 17, 1996 DATE OF DECISION: OCTOBER 26, 1999 CT Page 15833
Application for Review of Sentence imposed by the Superior Court, Judicial District of Tolland.
Docket No. CR95-56989.
Michael Devlin, Esq. Defense Counsel, for Petitioner.
Patricia Swards, Esq. State's Attorney, Counsel for the State.
BY THE DIVISION:
On or about January 23, 1984, Vernon police responded to a disturbance complaint from a local apartment complex. The police discovered a 47 year old male lying on the floor of a bedroom closet in his own apartment. The male was suffering from a gunshot wound to the head and stab wounds. The victim died shortly after the police arrival.
Approximately 11 years later, the petitioner was arrested for the offense. On or about February 2, 1996, the petitioner entered pleas of guilty to Manslaughter in the First Degree with A Firearm (a violation of § 53a-35a) and Attempted Burglary in the First Degree (a violation of § 53a-101(a)(1)). Each offense is a Class B felony which statutes provide for a maximum 20 year period of imprisonment.
The court imposed a sentence of 15 years incarceration on each count to be served consecutively for a net effective sentence of 30 years to serve.
It is this sentence that the petitioner seeks review.
At the sentence review hearing counsel for petitioner indicated that the crime went unsolved for approximately eleven years during which period the petitioner lived a normal life without incident. Counsel stressed that petitioner was the offspring of an alcoholic father and that petitioner was on his CT Page 15834 own from the age of 17. It is counsel for petitioner's claim these factors should be considered for the reduction of sentence.
The petitioner addressed the Division. The petitioner indicated that he did not object to the manslaughter charge but petitioner took exception to the burglary charge. Petitioner claims the shooting was an accident and that the killing did not occur during any burglary because petitioner and his cohort were invited into the victim's premises by the victim.
Counsel for the state countered by arguing that the petitioner knowingly plead guilty to each charge. Counsel indicated that the state requested the sentencing court to impose a 40 year sentence. Counsel for the state stressed the nature of the killing as "execution style" whereby the victim was shot in the top of the head by the petitioner and then stabbed in the anal area by the petitioner.
The file reflects prior felony convictions of burglary and robbery.
Pursuant to Connecticut Practice Book § 43-23 et seq., the Sentence Review Division is limited in the scope of its review. The Division is to determine whether the sentence impose "should be modified because it is inappropriate or disproportionate in the light of the nature of the offense, the character of the offender, the protection of the public interest and the deterrent, rehabilitative, isolative and denunciatory purposes for which the sentence was intended."
The Division is without authority to modify sentences except in accordance with the provision of Connecticut Practice Book § 43-23 et seq., and Connecticut General Statute § 51-194
et seq.
In reviewing the record as a whole, the Division finds that the sentencing court's actions were in accordance with the parameters of Connecticut Practice Book § 43-23 et seq.
The sentence imposed was neither inappropriate or disproportionate.
The sentence is AFFIRMED.
MIANO, J. CT Page 15835
KLACZAK, J.
NORKO, J.
Miano, J., Klaczak, J. and Norko, J. participated in this decision.